IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

| | | |
|---|---|---|
| HAI NGUYEN, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 180199R |
| | ) | |
| v. | ) | |
| | ) | |
| MULTNOMAH COUNTY ASSESSOR, | ) | |
| | ) | |
| Defendant. | ) | **FINAL DECISION[1]** |

Plaintiff appeals the real market value of property identified as Account R230432 (subject property) for the 2017-18 tax year. A trial was held in the Oregon Tax Court on November 16, 2018. Hai Nguyen (Nguyen) appeared and testified on his own behalf. John James appeared on behalf of Defendant. James Trinh and Hinh Dong interpreted the proceedings into Vietnamese for Plaintiff.

Plaintiff offered Exhibits 1 to 4 into evidence. Defendant objected because Plaintiff did not serve Defendant with a copy of the Exhibits as required by Tax Court Rule-Magistrate Division (TCR-MD) 12 C. Plaintiff acknowledged that he had not served a copy of his Exhibits on Defendant. He explained that he understood that the court would serve the Exhibits on Defendant. Plaintiff's understanding of the procedures is incorrect. TCR-MD 12 C states in part: "Each party must provide the court and all other parties with copies of all exhibits to be introduced into evidence in support of that party's case. Exhibits will not be filed with the court unless they are correctly labeled as required by this rule and proof of service on all other parties is provided." Based on Defendant's objection, Plaintiff's Exhibits were not admitted into evidence.

---

[1] This Final Decision incorporates without change the court's Decision, entered November 20, 2018. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* Tax Court Rule–Magistrate Division (TCR–MD) 16 C(1).

## I.  STATEMENT OF FACTS

Nguyen testified that he purchased the subject property at a foreclosure sale several years ago.  The property had significant water damage and as of the trial date he had not repaired the damage.  Nguyen testified that he agreed that Defendant's determination of the real market value of $703,210[2] would be correct, if the property were repaired.  However, he obtained an estimate of $70,000 to repair the interior of the subject property.  He did not receive an estimate for exterior repairs, but opined it would cost around $70,000.  The subject properties' maximum assessed value for the 2017-18 tax year was $498,310.

After Plaintiff's case-in-chief, Defendant orally moved to dismiss the case for failure to present evidence of value.  The court construed Defendant's motion as one under Tax Court Rule (TCR) 60.

## II.  ANALYSIS

TCR 60 states in pertinent part:

> "Any party may move for a dismissal at the close of the evidence offered by an opponent or at the close of all the evidence. * * * A motion for dismissal shall state the specific grounds therefor."

The Tax Court has previously stated that "[i]n order to prevail on a motion for directed verdict pursuant to TCR 60, the moving party must demonstrate that the record contains no evidence to support the nonmoving party's claim or claims.  The court will not weigh the evidence; rather, it will consider the entire record and afford the nonmoving party all reasonable inferences drawn therefrom, in the light most favorable to that party." *Freitag v. Dept. of Rev.*, 18 OTR 368, 373–74 (2005) (citations omitted).

/ / /

---

[2] The Multnomah County Board of Property Tax Appeals did not make any change to Defendant's determination of value.

In *Freitag*, the court found that other than an opinion of the ultimate value of the subject property, the taxpayer did not present any evidence of value. *Id.* at 369–70, 374. Instead, the taxpayer merely attacked the county's position. The court noted that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the [Real Market Value] of their property." *Id.* at 374 (quoting *Poddar v. Dept. of Rev.*, 18 OTR 324, 332 (2005)).

Nguyen offered no evidence of the real market value of the subject property other than his conclusion that Defendant's real market value of $703.210 would be correct if the property were repaired. He further opined, without evidentiary support, that it would require $140,000 to repair the property. No exhibits were received into evidence, and Nguyen did not present any data to support his opinion of value. Further, as the court noted at trial, even if Plaintiff's opinion of value were accepted as presented, the maximum assessed value would be below the real market value.[3] Because properties are taxed on the lesser of the real market value or the maximum assessed value, even if the court agreed with his values, his property tax would not change. Or in other words, Plaintiff would not meet the legal requirement that he be aggrieved as required by ORS 305.275(1)(a).[4]

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] Neither party presented evidence that the subject property was or might be subject to compression.

[4] References to the Oregon Revised Statutes (ORS) are to 2017.

### III. CONCLUSION

The court finds that Plaintiff has not presented evidence of value in support of his appeal and thus it grants Defendant's motion to dismiss the case pursuant to TCR 60. Now, therefore

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.

Dated this ____ day of December 2018.

 

 

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Davis and entered on December 11, 2018.*